UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| HENRY TANYIKE, | : | Case No. 3:21-cv-00311 |
| | : | |
| Plaintiff, | : | District Judge Thomas M. Rose |
| | : | |
| v. | : | Magistrate Judge |
| | : |     Peter B. Silvain, Jr. |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant. | : | |

# ANSWER

The United States of America hereby responds to Plaintiff's Complaint, ECF No. 1, as follows.

1. Admit that Plaintiff has brought this action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b) against the United States of America. The United States denies the remaining allegations set forth in Paragraph 1.

2. Deny Plaintiff's characterization of the January 14, 2021, incident as an "attack" and deny the remaining allegations set forth in the first sentence of Paragraph 2. The United States lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 2.

## JURISDICTION

3. Paragraph 3 sets forth a legal conclusion regarding jurisdiction to which no response is required. To the extent a response is required, admit only that 28 U.S.C. § 1346(b)(1) provides that United States district courts have exclusive

1

jurisdiction over "civil actions on claims against the United States, for money damages, … caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

## VENUE

4. The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiff's residence. The remaining allegations in Paragraph 4 set forth legal conclusions regarding venue to which no response is required. To the extent a response is required, deny.

## EXAUSTION OF REMEDIES

5. Admit that Plaintiff submitted an SF-95, Claim for Damage, Injury, or Death, to the U.S. Department of Homeland Security dated February 10, 2021, which the Department received on or about February 25, 2021. Admit that U.S. Immigrations and Customs Enforcement ("ICE") is a federal agency within the Department of Homeland Security. Admit that the Department did not adjudicate Plaintiff's administrative claim within six months. The final sentence of Paragraph 5 sets forth a legal conclusion regarding administrative exhaustion to which no response is required. To the extent a response is required, admit.

## PARTIES

6. Admit that Plaintiff has sought admission in the United States. Deny that ICE officials attacked Plaintiff while ICE detained him at WCC. The United States cannot confirm or deny the remaining allegations in Paragraph 6.

7. Admit.

## FACTS

8. The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 8.

9. Admit that Plaintiff arrived at the San Ysidro port of entry on June 4, 2019 and requested admission into the United States. Deny the allegation in Paragraph 9 pertaining to Officer Raymond's alleged statements to Plaintiff. The United States cannot confirm or deny remaining allegations in Paragraph 9.

10. The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 10.

11. The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 11.

12. Admit that ICE officers Ryan Davis, Jeffrey Creekmore, Juan Martinez, and Jason Miller, met with Plaintiff and certain unidentified Lasalle staff members at the Winn Correctional Center ("WCC"). The United States lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 12.

13. Admit that on January 14, 2021, an ICE officer requested that Plaintiff permit staff to take his fingerprints, as Plaintiff was required to be fingerprinted in order to comply with ICE removal policies and procedures. Admit that, when Plaintiff refused to allow his fingerprints to be taken, the ICE officer advised Plaintiff (among other things) that staff may be required to use reasonable force if Plaintiff continued to refuse officers' request for fingerprinting in accordance

with ICE policies and procedures in response to a failure to comply.

14. The United States lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 14.

15. Admit that ICE officers used a reasonable amount of force to obtain Plaintiff's fingerprint and escorted him to the medical unit. All remaining allegations in Paragraph 15 are denied.

16. Admit that Nurse Boyett took Plaintiff's blood pressure. During Plaintiff's medical examination, the officers removed Plaintiff's handcuffs. The United States lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 16.

17. Admit that the nurse asked Plaintiff to sign a piece of paper. The United States lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 17.

18. Deny Plaintiff's characterization of the incident as an "attack." The United States lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 18.

19. Admit that section 2.15 of the document entitled "Performance-Based National Detention Standards 2011" contains the language cited in the first sentence of Paragraph 27. Regarding the second sentence of Paragraph 27, admit that this document contains the following quote: "An 'immediate-use-of-force' situation is created when a detainee's behavior constitutes a serious and immediate threat to self, staff, another detainee, property, or the security and orderly operation of the facility. In that situation, staff may respond without a supervisor's direction or

presence." Regarding the third sentence of Paragraph 19, admit that this same document contains the following quote: "Before authorizing the calculated use of force, the on-site ranking detention official, a designated health professional and others as appropriate shall assess the situation. Taking into account the detainee's history and the circumstances of the immediate situation, they shall determine the appropriateness of using force." Any remaining allegations in Paragraph 19 are denied.

20. Admit that the document entitled "Performance-Based National Detention Standards 2011" contains the following quote: "Use of force in detention facilities is never used as punishment, is minimized by staff attempts to first gain detainee cooperation, is executed only through approved techniques and devices, and involves only the degree necessary and reasonable to gain control of a detainee or provide for self-defense or defense of a third person." Admit that this same document sets forth a "use-of-force continuum," and that Paragraph 20 accurately quotes the language in that continuum. Finally, admit that the document states "[s]taff are trained and required to use only a level of force that is necessary and reasonable to gain control of a detainee; however, the totality of the circumstances may necessitate use of a higher level of force. Staff may have to rapidly escalate or deescalate through the Use of Force Continuum, depending on the totality of circumstances present." Any remaining allegations in Paragraph 20 are denied.

21. Deny Plaintiff's characterization of the incident as an "attack." The United States lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 21.

22. The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22.

**CLAIMS FOR RELIEF**
**COUNT ONE**
**Battery**

23. The first sentence of Paragraph 23 sets forth a legal conclusion to which no response is required. To the extent a response is required, denied. Regarding the second sentence, admit only that *Caudle v. Betts*, 512 So. 2d 389, 391 (La. 1987) contains the following sentence: "A harmful or offensive contact with a person, resulting from an act intended to cause the plaintiff to suffer such a contact, is a battery." Any remaining allegations in Paragraph 23 are denied.

24. Admit only that ICE officers advised Plaintiff that they may be required to use reasonable force to obtain Plaintiff's fingerprints if Plaintiff continued to refuse to cooperate with officers and provide his fingerprints, as he was required to do. All remaining allegations in Paragraph 24 are denied.

25. Paragraph 25 sets forth legal conclusions to which no response is required. To the extent a response is required, denied.

26. Paragraph 26 sets forth legal conclusions to which no response is required.

27. Deny.

**COUNT TWO**
**Intentional Infliction of Emotional Distress**

28. The first sentence of Paragraph 28 sets forth a legal conclusion to which no response is required. To the extent a response is required, denied. Regarding

6

the second sentence of Paragraph 28, admit only that the case *White v. Monsanto Co.*, 585 So. 2d 1205, 1209 (La. 1991) contains the following quote: "[I]n order to recover for intentional infliction of emotional distress, a plaintiff must establish (1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct." Any remaining allegations in Paragraph 28 are denied.

29. Deny.

30. The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30. Deny any implication that ICE officers subjected Plaintiff to severe emotional distress.

31. Deny.

32. Deny.

33. Deny.

## PRAYER FOR RELIEF

The "Prayer for Relief" sets forth Plaintiff's requests for relief in this matter to which no response is required. To the extent a response is required, deny that Plaintiff is entitled to the requested relief.

## AFFIRMATIVE DEFENSES

1. The United States, through its agents, servants, and employees acted reasonably, and with due care and diligence, at all times and violated no duty that was owed to Plaintiff.

2. Plaintiff's alleged injuries and/or damages were not proximately caused by the acts of the United States' agents, servants, and employees.

3. The injuries and damages alleged by Plaintiff in the Complaint were caused solely and proximately by the acts or omissions of other parties, persons, or entities, or their servants, agents, representatives, and employees, none of whom are agencies or employees of the United States for whom the United States has any liability pursuant to the FTCA.

4. To the extent that government employees caused injury to Plaintiff, it was the result of their justified use of force and defense of themselves, other individuals, or federal property.

5. To the extent that ICE employees caused injury to Plaintiff, such actions are protected by privileges applicable to correctional officers under Louisiana law.

6. The federal employees at issue exercised a discretionary function in their interactions with Plaintiff.

7. To the extent any of the individuals involved were independent contractors, or employees of independent contractors, the United States is not liable under the FTCA.

8. The conduct of the federal employees at issue falls within the intentional tort exception to the FTCA.

9. Plaintiff's relief, if any, is limited to that allowable under the laws of Louisiana. That is, all defenses available under Louisiana law to "a private individual under like circumstances" are available to the United States.

10. The federal employees at issue had probable cause or the civil equivalent in their actions. Therefore, the arrest at issue was a lawful arrest.

11. Any claim for emotional distress is barred in the absence of a showing of actual injury. *See* 28 U.S.C. § 1346(b)(1).

12. Plaintiff fails to state a claim upon which relief can be granted.

13. Plaintiff's damages, if any, are limited to the amount claimed in his administrative request for relief in accordance with 28 U.S.C. § 2675(b).

14. Plaintiff's damages and recovery are limited to the extent that any alleged injuries were caused in full, or in part, by Plaintiff's own negligence and/or assumption of the risk. Any recovery should be extinguished or proportionally reduced. *See* La. Civ. Code Ann. art. 2323.

15. Plaintiff's damages, if any, are limited by the provisions of 28 U.S.C. § 2674, which precludes any pre-judgment interest, and may include post-judgment interest only as permitted by federal law.

16. Plaintiff's damages are barred to the extent that he has failed to mitigate his alleged damages.

17. The United States is entitled to an offset of any and all collateral source benefits received by Plaintiff.

18. The United States files this Answer based on current knowledge of the facts after a reasonable inquiry into the allegations set forth in the Complaint. The United States reserves the right to amend this Answer and raise any additional defenses, including, but not limited to, those expressly found in Federal Rule of Civil Procedure 8(c), that may be supported by the record during or subsequent to the

close of discovery in the instant action.

The above list is not intended to be exhaustive or exclusive of other defenses.

WHEREFORE, having fully answered the Complaint, The United States requests that Plaintiff takes nothing by this action, that the Complaint be dismissed, and that judgment be entered for The United States, together with costs and such other relief as the Court deems appropriate in this case.

Respectfully submitted,

KENNETH L. PARKER
United States Attorney

*s/Margaret A. Castro*
MARGARET A. CASTRO (0078968)
Assistant United States Attorney
Attorney for Defendant
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
Office: (513) 684-3711
Fax: (513) 684-6972
E-mail: Margaret.Castro@usdoj.gov